Judge Ewing
delivered the Opinion of the Court.
Two of the commissioners appointed by tho County Court of Harrison, under the act of 1834, to settle the accounts of executors, administrators and guardians, made a settlement of the accounts of Thompson V/igglesworth, as the surviving administrator of the estate of Gavin Mor* rison, deceased, and made a report to the Court.
Gavin Steele, one of the distributees of said estate-, •excepted to the report, and his exceptions being overruled, the report was ordered to record. To reverse the order of the County Court, Gavin Steele has brought the case to this Court, by writ of error.
We have had some difficulty to determino whether the vouchers, inventories and papers exhibited in this record, were used as evidence on the trial of the exceptions to tho report, and if used, whether they were the whole evidence used in the case. It -certainly would have been more regular for the plaintiff in error, when his exceptions to. the report were overruled, and the report ordered to record, to have excepted to the opinion of the Court, in the usual form, and iiave spread the whole evidence on record, with a certificate of tho justices, under their hands and seals, that the evidence certified, was the whole evidence given on said trial.
But whether said papers were used, or not used, in either aspect of the case, the order of the County Court admitting the report to record, cannot be sustained.
The following language is used in the last clause of the second section of the act of 1834: “They (meaning the commissioners) shall carefully keep and file all vouchers and other written evidence submitted to them; and when they hear parole proof, they shall reduce the substance thereof to writing, and return the same with the vouchers; and *618 after they have completed the settlement, they shall certify the same, and return it to the clerk of the County Court, with their report upon the same.” By a subsequent clause, it is directed that said report shall lie over, for a£ least one term, for exceptions to be filed. If no exceptions be filed, and the Court, upon examination of the report and settlement, shall approve the same, or if exceptions be filed, and overruled, said report shall be ordered to record,” &c.
No credit should admv'foí-6debts represented to be vent ^10'persons" without proof of Ld that thedebits te i10t been quence ofhis wil toWWk-it or neglect.
To enable the County Court to supervise the settlement, it is clearly the duty of the commissioners to report to the Court, or refer to, as the basis of their report, all the evidence, parole and written, upon which they acted in making the settlement. All the evidence thus reported, or referred to in the report, must therefore, together with the report and settlement, without being spread on the record by exception, be taken and considered as a part of the record.
If, therefore, the vouchers, written evidence and parol proof reported by the commissioners, be not sufficient'to sustain the settlement, it should be set aside, and recommitted to-the commissioners, or corrected by the Court before it is ordered to record.
The vouchers and proofs exhibited with the report, in case unc^er consideration, are clearly insufficient to sustain the settlement, in one essential particular. The commissioners have reported notes to the amount of three hundred and twelve dollars fourteen cents, on different individuals, exhibited to them by the administrator’ as notes 011 ins°Nent persons, which he has been unable to collect. No evidence is reported to show to the Court., that those individuals are insolvent, and if insolvent, that the debts have not been lost, by the wilful default, or gross negligence of the administrator. Without some evidence upon.this subject, a credit for their amount ought not to have been allowed to him. And for this reason, without enquiring into others^ the report and settlement should have been set aside.
But if the inventories exhibited in this record, are to be taken as apart of the same, the settlement is clearly irregular and defective.
Where notes and accounts are contained in the inventory of a decedent’s estate, the settlement with the adm’r, should show distinctly which of them have been collected; and, as to those not collected, the causes of the failure to collect them should be satisfactorily explained.
. General direcan^settling^the accounts of ^an, ex010ia
Notes and accounts to a large amount, as belonging to the decedent, were listed by the administrator, and inventories thereof reported to the County Court, in 1825. It is not shown by the report, or settlement, in an intelligible form, if at all, what disposition has been made of the accounts, whether collected or not, or which of them, or how much of each has been collected, or any excuse, by the oath of the administrator, or otherwise, for their non-collection. No charge is made against the administrator,on account of these claims; nor is any reference made to the inventory containing them. They seem to be wholly omitted in the report, unless some of them are embraced in the items of money charged against the administrator, as having been collected by him. And the aggregate amount of those items is not sufficient to cover the amounts embraced in the two inventories of notes and accounts.
We cannot, therefore, say that the settlement is complete, and ought to be sustained.
The proper mode for the commissioners to adopt, is to charge the administrator with the aggregate amount of the sale bill, and the value of the property unsold, if any, the cash on hand, and the notes and accounts due the testator at his death, reported in his inventories, or-otherwise established; also, to add to the amount tlie interest which he may have collected upon notes; and then to credit him with his disbursements, and the amounts lost by insolvencies, or otherwise, without his wilful default, or gross negligence; also, the amount allowed to him, for his services as administrator, and thus close the account.
By this mode, each settlement may be made to exhibr it a full account of his debits and credits, and the exact extent of his responsibility to the estate, and that confusion and uncertainty avoided, which will necessarily ensue, by the adoption of the mode pursued by the commissioners in this case.
It is, therefore, the opinion of the Court, that the order of the County Court be reversed, and the cause remanded, that the report and settlement be set aside, and the case recommitted to the commissioners for further settlement.